[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence January 17, 1992 Date of Application January 17, 1992 Date Application Filed January 17, 1992 Date of Decision August 25, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury. Docket No. CR4-180567.
Alan McWhirter, Esq. Defense Counsel, for Petitioner
 Corinne L. Klatt, Esq. Assistant State's Attorney, for the State
BY THE DIVISION
Petitioner was charged with felony murder in CT Page 9646 violation of General Statutes 53a-54c and robbery in the first degree in violation of General Statutes 53a-134. The trial before a jury had started and evidence had been introduced when a plea agreement was reached and petitioner entered pleas of guilty to a substitute information charging him with robbery in the first degree and manslaughter in the second degree in violation of General Statutes 53a-56. As a consequence of such conviction, a sentence of twenty years execution suspended after ten years with five years probation was imposed. A concurrent sentence of ten years was imposed in the manslaughter charge. The net sentence was twenty years, execution suspended after ten years with five years probation.
The facts underlying the crime and the degree of petitioner's capability are somewhat in dispute.
On May 4, 1990 the victim, a Waterbury firefighter, who was intoxicated, approached Edward Voghel and William Gonzalez, seeking to purchase crack cocaine. Voghel suggested to Gonzalez that they rob the victim. Petitioner, who lived in the area, came by and agreed to join in the robbery. There was a confrontation which ended with all three youths chasing the victim. After a short chase the victim fell to the ground where he remained motionless. Voghel removed some money from the victim some of which was given to petitioner. There was also evidence that the petitioner went through the victim's pockets.
Police responded to the area and caused the victim to be evacuated to the hospital where he was pronounced dead. When found by the police, the victim was unconscious and had a wound to his right temple. A red brick was discovered near the victim. Examination of the brick revealed human hair follicles which matched the victim's hair.
On May 5, 1990, Voghel went to the Waterbury Police Department and gave a sworn statement concerning the death of the victim. In the statement he quoted petitioner, after the assault saying, "Yeah, he (victim) was really out. I hit him with a brick." Voghel then asked, "What if the guy dies?" Petitioner replied, "I don't care."
Petitioner disputed the claim that he struck the victim with a brick and claims that testimony during the CT Page 9647 trial supported his position. He also claimed that the statements of Voghel and Gonzalez were self serving. In pressing for reduction in sentence, counsel for petitioner claimed that his client was the least culpable of the three and yet he received the longest sentence. Voghel received a sentence of five years and Gonzalez, who counsel claims actually caused the death, received seven years.
The attorney also argued that petitioner was a young man with no criminal record with a troubled family background. Despite this it was pointed out that petitioner did very well under supportive circumstances.
The principal claim for a reduction, however, was the disparity in the sentences.
Petitioner, speaking on his behalf, apologized for the crime and expressed remorse for the death of the victim.
In arguing against a reduction in sentence the state claimed that the intent was to treat all defendants fairly and that the evidence indicated that it was petitioner who struck the victim with the brick and therefore caused his death. The state claimed that the sentence was fair.
In reviewing a sentence it is the function of this division to determine whether the sentence should be modified because it is inappropriate or disproportionate in light of its nature of the offense, the character of the offender and the protection of the public interest. Connecticut Practice Book 942.
Here the sentencing court was presented with a number of letters and other information supporting petitioner a young man with no criminal record. The judge properly considered that information and related it to the negative information contained in the current personal history section of the presentence investigation report. It is apparent that its sentencing judge balanced the favorable factors contained in the letters against petitioner's disruptive history particularly while incarcerated.
In imposing sentence, the judge also considered the statements given by Voghel and Gonzalez which indicate greater culpability on the part of petitioner. CT Page 9648
Although the sentencing judge considered all information presented, the judge was not required to resolve the question of the degree of culpability in favor of petitioner.
The statements of Voghel and Gonzalez, including the transcript of Gonzalez's cross-examination allow a conclusion that petitioner was most culpable. For example, although Voghel and Gonzalez talked about robbing the victim it appears that petitioner was the first to make contact with the victim and cause him to flee. In these statements both Voghel and Gonzalez state that petitioner admitted hitting the victim with the brick.
At trial, on cross-examination, Gonzalez denied this and testified that petitioner said that he merely threw the brick.
Considering all factors it cannot be found that the sentencing judge's assessment of culpability was unfavorable.
Considering the serious crimes involved and the impact of such crimes on the victim and his family it cannot be found that the sentence is inappropriate. Comparing the sentence imposed here to the sentences imposed on petitioner's accomplices it cannot be found that the sentence is disproportionate when the evidence of petitioner's culpability is considered. In light of the rules limiting the scope of our review the sentence cannot be modified. Connecticut Practice Book 942.
The sentence is affirmed
Purtill, J. Klaczak, J. Miano, J.
Purtill, J., Klaczak, J., and Miano, J. participated in this decision.